PEETERS, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 2—May 31, 1913.*

*Weights and measures: Berries: What constitutes sale: Knowledge that box is smaller than standard.*

1. To constitute a sale within the meaning of sec. 1668, Stats., it is not necessary that any words should be spoken.
2. Where a customer came into a store, picked up a box of strawberries the price of which she knew, went to the cashier's desk with a box in her hand, gave him the price (which he received), and left the store with the box, the transaction constituted a sale, the presumption being that the cashier knew for what the money was paid.
3. That it is necessary, under sec. 1668, Stats., to prove that a person who sold berries in a box having less than the required capacity, knew that the box was below the standard, is *doubted*.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

Prosecution for a violation of sub. 10 of sec. 1668, Stats. 1911, which provides:

"All sales of blackberries, blueberries, currants, gooseberries, raspberries, cherries, strawberries, and similar berries in quantities of less than one bushel shall be by the quart, pint, or half-pint, dry measure, and all berry boxes or baskets

sold, used, or offered for sale within the state shall be of the interior capacity of not less than one quart, pint, or half-pint, dry measure. Any person who, by himself or by his servant or agent or as the servant or agent of another, shall violate any of the provisions of this subsection shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than ten days nor more than three months."

Said subdivision was modified by sub. 14 by a proviso that "until the first day of March, 1913, nothing in this section shall prevent the sale of any of the fruits or vegetables named or designated in this section, if the containing barrel, crate, berry box, or basket in which the same are sold is plainly and indelibly stamped or branded on the outside thereof in characters in color different from the container, at least one inch high in the case of barrel or crate, and at least one-half inch high in the case of berry box or basket, so as to show the correct interior capacity thereof by fractional part of the standard barrel or crate or of the standard quart or pint, dry measure, as the case may be, if sold for such capacity."

Defendant was convicted and brings the case to this court by a writ of error.

For the plaintiff in error there was a brief by *Kittell & Burke* and *Herbert J. Smith,* and oral argument by *J. A. Kittell.*

For the defendant in error there was a brief signed by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *M. E. Davis,* district attorney, and *Mr. Messerschmidt.*

VINJE, J. The plaintiff in error was convicted in the municipal court of Brown county of having sold what purported to be one quart of strawberries to one Odeal La Court in a box the interior capacity of which was less than one quart and more than one pint, dry measure, and not stamped on the outside thereof at the time of sale so as to indicate the

true capacity of the box, contrary to the provisions of sub. 10 and 14, sec. 1668, Stats. 1911. It appears that Miss La Court went to the grocery store of the plaintiff in error to purchase a box of strawberries. On the inside of the door she saw a crate, selected a box therefrom, went to the cashier's desk with the box in her hand, handed up twelve cents to the cashier, and left the store with the box. She knew the price of berries that day was twelve cents per box. She testified that she did not know whether or not the cashier saw that she had the box of berries, as the cashier's desk was high and she had to reach up to hand her the money. Nothing was said. The cashier was not called as a witness.

It is claimed that no sale was made because it is not shown that the cashier knew for what the twelve cents were paid. The claim cannot be sustained. The only legitimate inference that can be drawn from the facts testified to is that the cashier saw what Miss La Court had in her hand and that she received the twelve cents in payment therefor. To constitute a sale of an article from a store it is not necessary that any words should be spoken. If a customer comes in, picks up an article the selling price of which he knows, hands the proprietor or a clerk the price thereof, which is received, and he departs with the article, the transaction constitutes a sale.

Error is assigned upon the following instruction: "She picked up some strawberries and went to the cashier and paid twelve cents, I think the evidence shows; that, within the meaning of the law, is a sale of the article in question." From what has been said the instruction is correct, because in the absence of any evidence to the contrary it must be presumed that the cashier knew that a sale of strawberries was made. But the court followed the instruction excepted to by this language:

"If you find from the evidence that the defendant himself, his agent or employee, intentionally sold this box of strawberries in question to Miss La Court, and you find from the

evidence that the box in question is below the standard and contrary to law, you should find him guilty; if you find he had absolutely no knowledge of the fact you should find him not guilty. In order to find the defendant guilty you must find that the defendant or someone acting for him in his store, knowing that the box in question held less than one quart, sold same to Miss La Court."

This left it to the jury to say whether or not there was a sale, and under an instruction perhaps too favorable to the defendant, for it is doubtful if under the statute it is necessary to prove that the defendant knew the box was below the required capacity.

*By the Court.*—Judgment affirmed.